# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GRADY KITTRELL, *et al.*,<br>    Plaintiffs,<br>              v.<br>CRAIG ALLEN, *et al.*,<br>    Defendants. | Civil Action No.<br>1:24-cv-00786-SDG |
| SECURITIES AND EXCHANGE COMMISSION,<br>    Plaintiff,<br>              v.<br>CRAIG ALLEN,<br>    Defendant. | Civil Action No.<br>1:24-cv-01771-SDG |

## **OPINION AND ORDER**

This matter is before the Court on Defendant Craig Allen's motion for stay in the civil case *Kittrell v. Allen*, No. 1:24-cv-00786-SDG (*Kittrell*),[1] in light of the parallel criminal case against him in *United States v. Allen*, No. 1:24-cr-00130-TWT-JSA-1. Allen's motion for stay implicates a second civil case in which he is a named defendant, *SEC v. Allen*, No. 1:24-cv-01771-SDG (*SEC*). All three cases center around allegations that Allen defrauded investors of millions of dollars as manager of the "Cheetah Fund."[2]

---

[1]   ECF 17, *Kittrell*.

[2]   ECF 14, ¶¶ 1–2, *Kittrell*; ECF 1, ¶ 1, *SEC*; ECF 1, ¶¶ 8–9, *United States v. Allen*, No. 1:24-cr-00130-TWT-JSA-1.

1

A district court is only required to stay a civil case pending resolution of a related criminal case when "special circumstances so require in the interests of justice." *United States v. Lot 5*, 23 F.3d 359, 364 (11th Cir. 1994). Whether to stay a parallel civil case is otherwise a matter of district court discretion, *id.* at 361, based on an analysis of the following six factors:

1. The extent to which the issues in the criminal case overlap with those presented in the civil case;

2. The status of the case, including whether the defendants have been indicted;

3. The private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

4. The private interests of and burden on the defendants;

5. The interests of the courts; and

6. The public interest.

*S.W. v. Clayton Cnty. Pub. Sch.*, 185 F. Supp. 3d 1366, 1372 (N.D. Ga. 2016). District courts in this Circuit have routinely stayed cases against civil defendants facing indictments in overlapping criminal cases. *Id.* (granting stay to be reevaluated after 120 days); *SEC v. Mohamed*, 2023 WL 6217360, at *5 (N.D. Ga. July 10, 2023) (administratively closing civil case upon finding that factors favored stay); *SEC v. Rand*, 2010 WL 11549601, at *11 (N.D. Ga. Dec. 14, 2010) (granting limited stay of civil discovery pending criminal trial); *Vallambrosa Plantation, LLC v. Sikorsky*, 2015 WL 5604364, at *4 (S.D. Ga. Sept. 21, 2015) (granting stay of civil case through

conclusion of criminal case); *Doe 1 v. City of Demopolis*, 2009 WL 2059311, at *4 (S.D. Ala. July 10, 2009) (grating stay pending resolution of criminal case).

Here, the Court finds that, although there are no "special circumstances" that necessarily require a stay, the balance of factors favor it. The first and second factors both weigh in favor of a stay because all three of Allen's cases arise out of the same allegedly fraudulent mismanagement of the Cheetah Fund, for which Allen has been indicted. *Mohamed*, 2023 WL 6217360, at *3. The third and fourth factors weigh against each other: the *Kittrell* plaintiffs' private interests in avoiding delay, as well any prejudice to those plaintiffs from such delay, counterbalance Allen's private interest in exercising his Fifth Amendment privilege against self-incrimination in his criminal case without being prejudiced by adverse inferences in his civil ones.[3] *S.W.*, 185 F. Supp. 3d at 1372–73. The fifth factor weighs in favor of a stay because the resolution of Allen's criminal case "may have some preclusive effect" on his civil cases. *Sikorsky*, 2015 WL 5604364, at *3. Finally, the sixth factor is neutral: On one hand, the "public interest in law enforcement" is often served by avoiding parallel civil and criminal case due to the more liberal rules governing civil discovery; on the other hand, the public has an interest in the "speedy resolution" of civil cases. *Rand*, 2010 WL 11549601, at *11. Overall, because three

---

[3] The SEC has indicated that it does not oppose a stay in its case.

factors (first, second, and fifth) favor granting a stay, while the other three factors (third, fourth, and sixth) are net neutral, a stay is appropriate in both the *Kittrell* and *SEC* cases.

Allen's motion for stay[4] is accordingly **GRANTED**. Proceedings in the *Kittrell* case are **STAYED** with respect to Allen, pending resolution of his criminal case. The remaining parties in the *Kittrell* case are **ORDERED** to confer and file a notice within seven days, either jointly or separately, as to how they wish to proceed in light of the stay with respect to Allen.

The *SEC* case is also **STAYED** pending resolution of Allen's criminal case with respect to all proceedings except service of process on Allen. The SEC's pending motions in that case—for service by the United States Marshals Service[5] and for an extension of time to effect service[6]—are **GRANTED** for good cause shown. The United States Marshals Service is **DIRECTED** to effect service of the summons and complaint in the *SEC* case, along with a copy of this Order, on Allen within 30 days of this Order. Allen is not required to Answer or otherwise respond to the Complaint until further order of the Court.

---

[4]   ECF 17, *Kittrell*.

[5]   ECFs 4, 6, *SEC*.

[6]   ECF 7, *SEC*.

5

In the interim, the Clerk of Court is **DIRECTED** to administratively close the *SEC* case. The Clerk is further **DIRECTED** to serve a copy of this Order on the United States Marshals Service. Counsel for the SEC are **ORDERED** to monitor the criminal case and move the Court to lift the stay and reopen the *SEC* case at the appropriate time.

**SO ORDERED** this 1st day of August, 2024.

_____
Steven D. Grimberg
United States District Judge